IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN WALTERS,

    Petitioner,

v.                                                     Civil Action No. 5:17CV96
                                                                 (STAMP)
MICHAEL MARTIN, Warden,
Huttonsville Correctional
Center,[1]

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I. Background

The petitioner, John Walters ("Walters"), acting pro se,[2] filed a petition (ECF No. 1) under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Walters is currently incarcerated in the Huttonsville Correctional Center in Huttonsville, Randolph County, West Virginia, serving consecutive terms imposed on March 25, 2013 of forty (40) years for robbery, two to ten (2-10) years for malicious assault and an additional one to fifteen (1-15) years for burglary following his January 2013

---

[1]Michael Martin was substituted as respondent in this action for John T. Murphy by order dated August 21, 2018. See ECF No. 43.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

guilty plea in the Circuit Court of Berkeley County, West Virginia. ECF No. 26-22.

This civil action was referred to the United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2 and then reassigned to United States Magistrate Judge James P. Mazzone. The magistrate judge determined summary dismissal was not warranted and the respondent was directed to show cause why the petition should not be granted. ECF No. 10. On July 6, 2018, the respondent filed an amended answer which acknowledged that the petition was timely filed (ECF No. 41) and thereafter, filed a supplemental response (ECF No. 49) and a motion for summary judgment addressing the merits of the petition. ECF No. 50. A Roseboro notice was issued (ECF No. 52) and the petitioner filed a response to the motion for summary judgment. ECF No. 57. The respondent filed a reply in support of the motion (ECF No. 59), and the petitioner filed a sur-reply. ECF No. 65.

The magistrate judge then entered a report and recommendation (ECF No. 69) recommending that petitioner's § 2254 petition (ECF No. 1) be denied, the respondent's motion for summary judgment (ECF No. 50) be granted, and this matter be dismissed with prejudice. ECF No. 69 at 27. The magistrate judge determined that the Supreme Court of Appeals of West Virginia's resolution of the petitioner's state habeas claim was a reasonable application of federal law, and

the petitioner has failed to establish that he is entitled to relief. Id. at 26. Specifically, the magistrate judge found that the analysis of the Supreme Court of Appeals of West Virginia in determining Walters has not satisfied the "prejudice prong" under Strickland v. Washington, 466 U.S. 668 (1984), like the analysis of the Circuit Court of Berkeley County, was wholly appropriate. Id.

Following two orders granting extensions of time (ECF Nos. 72 and 75), the petitioner filed his objections to the report and recommendation. ECF No. 77. In his objections, the petitioner reiterates the argument previously asserted in his response in opposition to the motion for summary judgment that his counsel's performance was deficient. Id. at 1. Petitioner also generally asserts that the Supreme Court of Appeals of West Virginia's application of Strickland was unreasonable and that his trial counsel's actions meet the prejudice prong of Strickland and Missouri v. Frye, 132 S. Ct. 1399 (2012). Id. at 3-4.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, those findings and recommendations will

3

be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. Discussion

This Court's review of this habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal habeas court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA requires federal courts to apply a "highly deferential standard" when conducting habeas corpus review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773, 130 S. Ct. 1855, 176 L.Ed.2d 678 (2010) (internal quotation marks and citations omitted). When an issue raised in a petitioner's habeas petition has been litigated before the state court on appeal, a petitioner is entitled to habeas corpus relief only if he can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

4

Section 2254 requires a federal court to presume the correctness of a state court factual findings and only overturn them when an error is "stark and clear." Cagle v. Branker, 520 F.3d. 320, 324-25 (4th Cir. 2008). A federal court may not characterize the state court factual determinations as unreasonable "merely because [it] would have reached a different conclusion in the first instance." Wood v. Allen, 588 U.S. 290, 301 (2010). Instead, § 2254(d)(2) requires that the federal courts accord the state trial court substantial deference. Brumfield v. Cain, 135 S. Ct. 2269 (2015).

In order for the petitioner to satisfy the two-prong test set forth in Strickland for claims of ineffective assistance of counsel, the petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's performance prejudiced the defendant. United States v. Basham, 789 F.3d 358, 371 (4th Cir. 2015) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

The incident giving rise to the petitioner's instant claim occurred during the course of petitioner's underlying criminal proceedings when petitioner learned that a more lenient and pre-indictment March 9, 2012 plea offer was mishandled by the public defender's office. It is not disputed that this plea offer was not conveyed to petitioner until it was discovered by petitioner's appointed counsel, Thomas L. Stanley, and disclosed to

5

petitioner in July 2012 after it had expired and after the state had made a less favorable offer. This Court notes that the parties do not dispute, and the Supreme Court of Appeals of West Virginia held, that petitioner's counsel provided deficient representation by not relaying the March 9, 2012 plea offer. However, the Supreme Court of Appeals of West Virginia determined, and the respondent asserts here, that petitioner cannot satisfy the second prong of the Strickland standard as he was not prejudiced.

Thus, the sole issue before this Court is whether the Supreme Court of Appeals of West Virginia's application of the "prejudice prong" of the Strickland standard was reasonable. This Court finds that it was.

As an initial matter, this Court notes that petitioner does not specifically object to the magistrate judge's report and recommendation with respect to the procedural history or events that took place in petitioner's underlying criminal proceedings, direct appeal, state habeas proceedings, or his habeas appeal. Accordingly, under a clear error standard of review, these findings of the magistrate judge are affirmed and adopted by this Court.

On de novo review of the Supreme Court of Appeals of West Virginia's application of the "prejudice prong" under the Strickland standard, this Court finds, that there was no reasonable probability that, but for petitioner's counsel error to relay the March 9, 2012 plea agreement, the result in the petitioner's case

6

would have been different. To show prejudice, the petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. While it is true that defense counsel must relay plea offers to the defendant, the defendant still must show he was prejudiced from the ineffective assistance. Missouri v. Frye, 132 S. Ct. 1399 (2012). As the magistrate judge correctly determined, the Supreme Court of Appeals of West Virginia echoed the state circuit court's findings that the petitioner effectively declined his counsel's offer to seek a reopening of the March 9, 2012 plea offer, noting that after learning of the March 9, 2012 plea offer, the petitioner wrote letters to the circuit court and prosecutor seeking mercy or alternative sentencing, to avoid prison entirely. Walters v. Plumley, No. 15-1062, 2017 WL 969139, at *6 (W. Va. Mar. 13, 2017). Ultimately, the Supreme Court of Appeals of West Virginia found no error in the circuit court's conclusion that petitioner appeared unwilling to accept any substantial prison term at the time of the March 9, 2012 plea offer. Id. The Supreme Court of Appeals of West Virginia specifically stated, "while petitioner contends that he would have accepted the March 9, 2012, plea offer, the evidence indicates otherwise." Id. The Supreme Court of Appeals of West Virginia found that the circuit court properly exercised its function in weighing the evidence and rendering a finding that the

petitioner would not have accepted the March 9, 2012 plea offer at the relevant time.

Upon de novo review of the underlying record, including the report and recommendation of the magistrate judge as well as the memorandum decision of the Supreme Court of Appeals of West Virginia, this Court agrees with the magistrate judge's finding that the Supreme Court of Appeals of West Virginia's resolution of the petitioner's state habeas claim was a reasonable application of federal law, and the petitioner has failed to establish that he is entitled to relief from this Court.

## IV. Conclusion

Based upon a de novo review of the record for those claims that the petitioner made objections to and a determination that the findings and recommendations to which the petitioner did not object were not clearly erroneous or contrary to law, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED. Accordingly, the respondent's motion for summary judgment (ECF No. 50) is GRANTED, petitioner's petition filed pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DENIED and petitioner's objections (ECF No. 77) are OVERRULED. The respondent's motion for withdrawal and termination of respondent's representation by counsel (ECF No. 68) is GRANTED and Zachary A. Viglianco's representation of the respondent is withdrawn and terminated.

It is also further ORDERED this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   September 12, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE